IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TAVON WILLIAMS,

   Petitioner,

v.

MARYLAND ATTORNEY GENERAL,
WARDEN THOMAS WOLFE,

   Respondents.

Civil Action No.: ELH-22-75

**MEMORANDUM**

The self-represented Petitioner, Tavon Williams, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). ECF 1. Respondents filed a limited answer, dismissal of the petition as untimely. ECF 7. They also filed the "State Record," ECF 7-1, but did not include any transcripts. ECF 7 at 5.[1] Respondents concede that if Williams's motion for modification of sentence tolls the one-year filing deadline under 28 U.S.C. § 2244 as a properly filed application for collateral review, the Petition is timely. *Id.* at 17.

This court disagrees with counsel's reading of *Wall v. Kholi*, 562 U.S. 545 (2011) and *Mitchell v. Green*, 922 F.3d 187 (4th Cir. 2019). Therefore, respondents will be required to address the merits of Williams's claims and supplement the record with all relevant transcripts.

**I.   Background**

On May 23, 2012, Williams was indicted in the Circuit Court for Baltimore City on charges of attempted murder, first and second-degree assault, use of a firearm in the commission of a

---

[1] Page cites correspond to the page numbers assigned by the court's electronic docketing system and may differ from those cited in the associated pleading.

felony, and related offenses in connection with the shootings of Alexus McBride and Michael Smith, both of whom survived their gunshot wounds. ECF 7-1 at 5-10 (docket entries); *id.* at 89-91 (Statement of Case, Ct. of Spec. App.).

On October 25, 2013, following a five-day jury trial, Williams was convicted of attempted second-degree murder; second-degree assault; use of a handgun in the commission of a crime of violence; wearing, carrying, or transporting a handgun; possession of a firearm after having been convicted of a disqualifying crime; discharging a firearm within the City limits; and two counts of reckless endangerment. ECF 7-1 at 5-10; 88. He was acquitted of two counts of attempted first-degree murder, one count of attempted second-degree murder, and one count of first-degree assault. *Id.* at 88, n.1.

On April 3, 2014, the Circuit Court for Baltimore City sentenced Williams to a total term of 86 years of imprisonment. ECF 7-1 at 12-13. Specifically, the court imposed a sentence of 30 years for attempted second-degree murder; 20 years (the first five without parole) for use of a handgun in the commission of a crime of violence, consecutive to the 30 year sentence; five years each, to be served consecutively, for the two reckless endangerment counts, consecutive to the 30 year sentence; 10 years for second-degree assault, consecutive to the 30 year sentence; 15 years (the first five without parole) for possession of a regulated firearm by a disqualified person; one year for discharging a firearm, consecutive to the 30 year sentence; and three years, concurrent, for wearing, carrying, or transporting a handgun. *Id.* at 88.

Williams appealed his conviction to the Maryland Court of Special Appeals. ECF 7-1 at 17. In an unreported opinion dated May 26, 2015, the appellate court found no merit as to the defendant's claims of error at trial. *Id.* at 89. But, the court held that "Williams's sentence for reckless endangerment of one victim merges into the sentence for attempted second-degree murder

2

of that victim, the sentence for reckless endangerment of a second victim merges into the sentence for second-degree assault of that victim, and the sentence for wearing, carrying, or transporting a handgun merges into the conviction for use of a firearm in a crime of violence." ECF 7-1 at 89. Therefore, it remanded the case to the trial court for resentencing. The court otherwise affirmed the convictions. *Id*. at 110.

On January 11, 2016, the circuit court resentenced Williams in accordance with the opinion of the Court of Special Appeals. His sentence was reduced to 76 years of imprisonment. ECF 7-1 at 20.

Then, on February 9, 2016, Williams filed a motion for reduction or modification of sentence, pursuant to Md. Rule 4-345(e), and asked the circuit court to hold the matter *sub curia* "until such time as a request for a hearing is made." ECF 7-1 at 112-13. Williams's request to hold his motion *sub curia* was granted on February 16, 2016. *Id*. at 114.

Williams filed a petition for post-conviction relief on July 18, 2019. ECF 7-1 at 115-37. A hearing was held on March 12, 2020. *Id*. at 138. The Circuit Court for Baltimore City issued a Memorandum Opinion and Order denying all relief. *Id*. at 138-50. Although the post-conviction opinion is not dated, the docket indicates it was issued on March 12, 2020. *Id*. at 24.

On May 14, 2020, Williams filed an application for leave to appeal the denial of post-conviction relief to the Maryland Court of Special Appeals. The application was denied on September 10, 2020, and the mandate issued on October 15, 2020. ECF 7-1 at 24-25, 158-60.

Williams filed a motion to reopen post-conviction proceedings, which was received in the circuit court on June 16, 2021. But, it is deemed filed as of the date the envelope was postmarked, *i.e.*, June 8, 2021. ECF 7-1 at 163-225 (motion with exhibits); *id.* at 226 (envelope).

On July 21, 2021, pursuant to Md. Rule 4-345, the circuit court denied Williams's request for a hearing on his earlier motion for modification of sentence, noting that Williams's request was filed on February 12, 2021. ECF 7-1 at 227-28.[2] The court denied the motion because Williams's motion for modification of sentence had been pending for more than five-years and, by operation of law, the court's revisory power had expired. *Id*. at 227 (citing Md. Rule 4-345(e)(1)). The five-year period expired on January 11, 2021. *Id*.

On November 9, 2021, the circuit court denied Williams's motion to reopen post-conviction proceedings. ECF 7-1 at 229. Williams filed an application for leave to appeal the denial of his motion on December 16, 2021. *Id*. at 230-64. The application remains pending before the Maryland Court of Special Appeals.

## II.     Standard of Review

Under the provisions of 28 U.S.C. § 2244(d)(1), the one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] Williams provided a certificate of filing which was attached to his motion and indicated he had delivered his motion to prison officials for mailing on January 27, 2021. ECF 7-1 at 162. Under the prison mailbox rule, Williams's request for a hearing is deemed filed as of January 27, 2021, but was still filed beyond the five-year period during which the court could act.

However, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

### III.     Discussion

At issue here is whether Williams's motion for reconsideration of sentence is a properly filed application for collateral review, such that it tolled the one-year filing deadline pursuant to 28 U.S.C. § 2244(d)(1).

Williams's conviction was final on February 10, 2016. He filed a motion for modification of sentence on February 9, 2016, which remained pending until January 11, 2021, when the trial court was divested of jurisdiction to review the motion by operation of Maryland law. *See* Md. Rule 4-345(e)(1). Respondents concede that if the motion for reconsideration tolls the one-year filing period, then the Petition filed in this court on January 11, 2022, is timely.

Respondents argue that the motion for reconsideration filed by Williams was merely a "placeholder" that raised no basis for reconsideration of the sentence but simply asked the court to hold his motion *sub curia*. ECF 7 at 16-39. Further, they claim that a placeholder motion is not a motion but simply a notification to the trial court that there is an intent to provide additional information at a later date for the reconsideration of the sentence.

The Supreme Court has explained that "'collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011). Relevant to the Supreme Court's analysis, Williams's motion for reconsideration of sentence is a proceeding that "'is not part of the direct review process'" and "'undoubtedly calls for "'review'" of the sentence.'" *Mitchell v. Green*, 922 F.3d 187, 195 (4th Cir. 2019) (quoting *Kholi*, 562 U.S. at 555); *see also Colvin v. State*, 450 Md.

718, 725, 728, 150 A.3d 850 (2016) (contrasting a motion to correct an illegal sentence with a direct appeal). Thus, Williams's motion constitutes "collateral review." *See Mitchell*, 922 F.3d at 198 (holding a motion to reduce sentence under Maryland Rule 4-345 is "collateral review" for tolling purposes).

An application for collateral review "is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). "Filing rules include 'the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.'" *Harris v. Dir., Va. Dep't of Corr.*, 282 F. App'x 239, 241 (4th Cir. 2008) (quoting *Artuz*, 531 U.S. at 8). In contrast, "procedural bars that prevent certain claims from being raised or considered" do not impact whether an application for relief is properly filed. *Id.*

The Supreme Court has made clear that "the question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." *Harris*, 282 F. App'x at 241 (emphasis in original) (quoting *Artuz*, 531 U.S. at 9); *see also Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) (application for state post-conviction relief that failed to satisfy time constraints for seeking relief is not "properly filed"); *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (state time limits are filing requirements and untimely state applications are not properly filed); compare *Artuz*, 531 U.S. at 8 (application for state post-conviction relief containing procedurally barred claims is properly filed although it warrants no relief). In other words, this court need not look beyond the satisfaction of applicable procedural filing requirements to determine if an application for collateral review is "properly filed."

6

A petition for post-conviction relief that asserts frivolous claims still tolls the federal habeas filing period if it is properly filed. There is no basis under current, controlling law to find that Williams's motion for reconsideration of sentence was not "properly filed" simply because he asked the court to hold the matter *sub curia*. The motion was filed in a timely manner and therefore met procedural requirements.

The Fourth Circuit has clearly addressed whether a motion for reconsideration of sentence filed pursuant to Md. Rule 4-345 tolls the federal limitations period when it held that such motions operate to "toll AEDPA's limitations period." *Mitchell*, 922 F.3d at 195. In so holding, the court did not place any limits on this straightforward determination. It did not parse the intent of the filer as to whether the reduction motion acts as a "placeholder" or was filed in earnest on its merits. Rather, the Court's decision was based on whether the motion was filed at all. *Id.*

The common practice in Maryland, which Respondents concede, is to file a motion pursuant to Md. Rule 4-345 as a placeholder to be considered at a later date. Indeed, the motion at issue in *Mitchell* was filed as a placeholder. *Mitchell*, 922 F.3d at 189, n.3 (noting that Mitchell asked the trial court to hold his motion for modification in abeyance).

Respondents' assertion that *Mitchell* is distinguishable from Williams's case is reminiscent of the unsuccessful arguments raised in *Kholi* and *Mitchell*. In each of those cases, the State argued that the content of the motions at issue should determine if they are properly filed collateral review proceedings, an approach that was roundly rejected by both the Supreme Court and the Fourth Circuit. *See Kholi*, 562 U.S. at 557 (rejecting narrow meaning of "collateral review" as encompassing only challenges to the lawfulness of a prior judgment); *Mitchell*, 922 F.3d at 196 (recognizing that *Kholi* explicitly held that classifying motions by the content is "unwarranted and improper").

Accordingly, this court finds that the petition for writ of habeas corpus filed with this court on January 11, 2022, is timely. Therefore, Respondents shall respond to Williams's claims, and shall supplement the record with the trial transcripts.

A separate Order follows.

June 16, 2022                                              /s/
Date                                                          Ellen L. Hollander
                                                               United States District Judge