## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TAVON WILLIAMS,

    Petitioner,

    v.

    Civil Action No.:  ELH-22-75

ROBERT S. DEAN, *Warden*, and
MARYLAND ATTORNEY GENERAL,

    Respondents.

### MEMORANDUM

Petitioner Tavon Williams, a Maryland prisoner, has filed a petition for writ of habeas corpus.  ECF 1 (the "Petition").  Respondents are Warden Robert S. Dean[1] and the Maryland Attorney General, who is now Anthony G. Brown.  Respondents filed a limited answer to the Petition on March 25, 2022, asserting that the claims are barred by the statute of limitations.  ECF 7.[2]  Williams replied on April 26, 2022.  ECF 10.

By Memorandum and Order of June 16, 2022 (ECF 11, ECF 12), I found that the Petition had been timely filed, and I directed respondents to supplement their answer by addressing the merits of petitioner's claims and by filing all relevant trial transcripts.  Williams was also advised

---

[1] In his original Complaint, Williams named Warden Thomas Wolfe as a respondent.  ECF 1.  He has since informed the court that Robert S. Dean is now the Warden of Jessup Correctional Institution, where Williams is incarcerated.  ECF 8 at 1.  The Clerk will be directed to update the docket to reflect this change.

[2] On April 15, 2022, Williams moved this Court for an order of default, asserting that respondents had not responded to the petition, or sought an extension of time within which to respond.  ECF 8.  On February 22, 2022, Respondents moved for an extension of time within which to file their response, which was granted by this Court that day.  ECF 5; ECF 6.  Thereafter, Respondents filed their response on March 25, 2022.  ECF 7.  Accordingly, Williams's motion for order of default (ECF 8) will be denied.

that he could file a response within 28 days of the filing of respondents' supplemental response. ECF 12.

Williams filed a "Motion For Stay And Abeyance" on June 30, 2022.  ECF 13 ("Stay Motion").  He asserts that "the prison law libraries services are limited."  *Id.* at 1.  Moreover, he claims to have found "newly discovered evidence" (*id.* at 1, 2) that would "point to his actual innocence."  *Id.* at 1.

Respondents filed their supplemental response on July 11, 2022, along with a response in opposition to Williams's motion to stay.  ECF 14, ECF 15.  Their submissions include several exhibits.  Petitioner has not replied.

For the reasons that follow, I shall grant Williams's motion to stay.

## I.  Motion for Stay and Abeyance

I incorporate here the factual and procedural background set forth in my Memorandum of June 16, 2022.  *See* ECF 11 at 1-4.

As noted, Williams has asked this court to stay these proceedings.  ECF 13.  In support thereof, he states that, since filing his Petition, he has "obtained newly discovered evidence that possibly will point to his actual innocence."  *Id.* at 1.  The newly discovered evidence supposedly relates to a "list of 305 Baltimore City Officers with integrity issues," including "planting evidence."  *Id.* at 2.  Five of the officers on the list were allegedly involved in Williams's underlying State court case.  *Id.*

According to Williams, as to the underlying case, "a gun was found in a grass field" by officers who have now been identified as having integrity issues.  *Id.*  The gun was found by the officers "after a helicopter with heat sensor capabilities" and a "canine" sniffing for gunpowder had failed to produce a weapon.  *Id.*  Williams states that "this exculpatory and impeaching

evidence" makes it "very possible that a different outcome would have been made had this evidence been heard by a jury." *Id.*  He seeks to avoid having his Petition become "mixed" with claims that are both exhausted and unexhausted. *Id.* at 1.  Therefore, he asks the court to stay these proceedings, and to hold his Petition in abeyance, while he litigates his newly filed actual innocence claim in State court. *Id.*

Respondents oppose Williams's Stay Motion.  ECF 15.  They argue that, to the extent Williams intends to later assert a freestanding claim of actual innocence, "such a federal habeas claim would not be cognizable even if it were exhausted." *Id.* at. 3.  To the extent that Williams intends to later raise a "gateway" actual innocence claim, pursuant to the standard articulated in *Schlup v. Delo*, 513 U.S. 298 (1995), respondents argue that Williams need not exhaust his actual innocence claim in order to raise a gateway claim, and further, that his claim of actual innocence fails to satisfy the *Schlup* standard. *Id.* at 5-6.

## II.    Discussion

Under *Rose v. Lundy*, 455 U.S. 509, 518 (1982), before filing a petition seeking habeas relief in federal court, a petitioner must exhaust each claim presented to the federal court through remedies available in state court.  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings.  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994).

This exhaustion requirement is not a jurisdictional condition to federal habeas corpus relief but rather a matter of comity.  *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).  The state courts are to be provided the first opportunity to review federal constitutional challenges to state

convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

In most circumstances, where a petitioner presents unexhausted claims, this court would dismiss the petition, without prejudice, for failure to exhaust. The dismissal of this Petition, however, would potentially bar Williams from re-filing a Section 2254 petition, in light of the one-year limitation provision set out under 28 U.S.C. § 2244(d). Moreover, this court has discretion to stay a habeas petition, such as this one, that contains a potentially unexhausted claim, to allow the petitioner to present his claim to the state court. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

The *Rhines* decision allows a petitioner able to demonstrate good cause for failing to exhaust a claim to return to state court to present the unexhausted claim while the federal habeas petition remains stayed. *Rhines*, 544 U.S. at 277. A stay is available only in limited circumstances, however, and is appropriate only for good cause, where the unexhausted claims are potentially meritorious and no dilatory tactics are shown. *Id*.

Here, Williams seeks to stay these proceedings because he "does not want his federal habeas corpus to become mixed." ECF 13 at 1. In other words, Williams fears that, without a stay, any claims he would seek to add to his Petition now would be unexhausted because his writ of actual innocence is still pending, thus creating a "mixed" Petition containing both exhausted and unexhausted claims. Therefore, he seeks a stay to litigate his actual innocence claims before the state court, and then, if necessary, seek leave to amend this habeas Petition. *Id.* at 1-2. Respondents raise various objections, centering primarily on whether any future claims Williams may seek to add stemming from his claims of actual innocence are cognizable in a habeas action.

To my knowledge, the United States Supreme Court has never held that habeas relief extends to freestanding claims of actual innocence. *Herrera v. Collins*, 506 U.S. 390, 404-405

(1993).  A freestanding claim exists where a petitioner advances "his claim of innocence to support a novel substantive constitutional claim."  *Schlup*, 513 U.S. at 314.  However, a federal habeas petitioner may assert a "gateway" claim of actual innocence to overcome a procedural bar to review, *id.* at 326, or to overcome the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Put differently, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims … on the merits notwithstanding the existence of a procedural bar to relief," thus creating a "gateway" through which the petitioner may pass to allow the Court the reach the merits of his otherwise barred claims.  *Id.* at 392.

In order to present a credible gateway claim of actual innocence under *Schlup*, a petitioner must present "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Schlup,* 513 U.S at 324.  "A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329.

As a threshold matter, the Court notes that because Williams's petition for writ of actual innocence remains pending in the state court system, it is unclear whether Williams may ultimately seek to pursue a freestanding claim of actual innocence, a gateway claim, or both.  Further, in their supplemental response to the Petition, Respondents have asserted that at least one of Williams's claims is procedurally defaulted.  ECF 14 at 20.  Therefore, there is the potential that Williams may be able to raise a colorable gateway actual innocence claim in the future to allow the Court to reach the merits of an otherwise defaulted claim.

Respondents posit that Williams's claim of actual innocence is insufficient to satisfy the standard articulated in *Schlup*, and that he "has not established that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." ECF 14 at 23-24 (citing *Schlup*, 513 U.S. at 329). In making the determination urged by respondents, this court would have to make decisions regarding the merits of Williams's actual innocence claim. But, the State of Maryland has not yet had an opportunity to weigh the evidence supporting Williams's claim of actual innocence or to rule on the merits thereof. In my view, it is inappropriate for me to do so now. *See Winston v. Kelly*, 592 F.3d 535, 555 (4th Cir. 2010) ("…comity, finality, and federalism counsel deference to the judgments of state courts when they are made on a complete record…. Exhaustion requires that the state courts have an opportunity to apply the law and consider all the evidence relevant to the petitioner's claim.") (internal citations omitted).

The court cannot say, on the record before it, that Williams's claims are without merit. Nor is there any evidence before the court that Williams has intentionally engaged in dilatory ligation tactics. *Rhines*, 544 U.S. at 277. Moreover, the State of Maryland has procedural mechanisms for addressing claims of actual innocence, which Williams is currently pursuing. Md. Code, Crim. Proc. § 8-301; Md. Rule 4-332. The Maryland courts should have a full and fair opportunity to evaluate Williams's claims under Maryland policy and procedure before this court reaches the issues raised in his Petition.

Accordingly, this court finds good cause to stay the instant proceedings while Williams pursues State court review. Therefore, the court shall stay the case and hold it in abeyance, pending Williams's exhaustion of State remedies.

Williams is advised that the stay of these proceedings is conditioned upon his pursuit of a writ of actual innocence in the State court system. Within sixty days of the date of docketing of the attached Order, he must advise the court of the status of the case. Thereafter, Williams and Respondents shall be required to provide this court with a status report at six-month intervals to apprise the court of the status of proceedings in the State courts.

Williams is cautioned that his failure to pursue diligently his State writ of actual innocence, or to furnish this court with timely and complete status reports, may result in the dismissal of this federal habeas corpus Petition, without further notice.

### III.     Conclusion

For the foregoing reasons, I will grant Williams's motion to stay these proceedings and hold his Petition for writ of habeas corpus in abeyance for such time as outlined in this Memorandum.

A separate Order follows.


_____January 24, 2023_____                        _____/s/_____
Date                                                  Ellen L. Hollander
                                                      United States District Judge